JOHN B. VANDERBECK v. THE INHABITANTS OF THE TOWNSHIP OF ENGLEWOOD, IN THE COUNTY OF BERGEN.

The act of March 22d, 1871, (*Pamph. L., p.* 691,) which divided the township of Hackensack into the townships of Ridgefield, of Englewood and of Palisades, and which declared that the inhabitants of said townships should be liable to pay their just proportions of the debts of the inhabitants of the township of Hackensack, did not, *proprio vigore*, make any single township legally responsible for any particular debt, even though the debt had been wholly contracted for work within its territorial limits.

In case. On rule to show cause.

Argued at February Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and REED.

For the plaintiff, *Dutton.*

For the defendant, *Wortendyke.*

The opinion of the court was delivered by

DIXON, J. This is an action of *assumpsit*, in which the plaintiff claims of the defendant moneys said to be due him for labor performed and materials furnished by him in the year 1870, in opening, grading and straightening Engle street, on the employment of the public road board, pursuant to " An act concerning roads in the township of Hackensack," approved March 10th, 1870, (*Pamph. L., p.* 505.) Engle street was then in the township of Hackensack, and the plaintiff insists that that corporation was then under legal obligation to pay him, and that by the act of March 22d, 1871, (*Pamph. L., p.* 691,) dividing that township into the townships of Ridgefield, Englewood and Palisades, the legal obligation was transferred to the defendant, within whose territorial limits Engle street is, by that act, included. At

the circuit, a non-suit was directed, on the ground that the defendant was not liable at law, and a rule to show cause was granted, the decision of which we here make.

The sole reason alleged for holding the defendant legally responsible is found in the sixth section of the act of 1871, before mentioned, which provides that on a certain day the town committees of the townships of Ridgefield, Englewood and Palisades should meet and divide among themselves all the property of the township of Hackensack, and that the inhabitants of said three townships should be liable to pay their just proportion of the debts of the inhabitants of the township of Hackensack. It is not asserted that at such meeting any allotment to the defendant of the plaintiff's claim was made, or that the defendant there assumed any burden in regard to it; but it is urged that the labor and materials having been used in the limits of the township of Englewood, this section makes the defendant the legal debtor.

We, however, do not think this position is tenable. It might well be that if the allotment of debts, which the act seems to provide for, were made, the assumption by each township committee of the debts so set off to it, would enure to the benefit of the creditors, and so form a legal basis for suits in their behalf; but in the absence of such an arrangement, the court is not justified in charging this whole debt against this defendant on the mere ground that the expenditure was made within its boundaries. It would, by no means, be, of necessity, just to conclude that all the benefits of the expenditure accrued to the inhabitants and property within this township. Nor does a suit at law afford the means adequate for a judicial investigation of the question, whether this township should pay this debt as a part of its just proportion of the debts of the old township. Assuming that originally the plaintiff had a legal remedy against "The Inhabitants of the Township of Hackensack," the Constitution (Art. IV., § 7, ¶ 3,) would seem to render inefficacious any act of the legislature designed to deprive him of that remedy. Nor have I found any act expressly declaring such a purpose;

and, therefore, it may well be that that corporation still has a legal existence so far as is needed for the enforcement of the plaintiff's redress ; but if it be, in fact, dissolved, a court of equity can alone enforce the plaintiff's claim against such property as it possessed, (*Broughton* v. *Pensacola*, 93 *U. S.* (3 *Otto*) 266, 268); and, if that prove inadequate, he must then rely on the public faith of the legislature to supply him a proper remedy—the ordinary means of legal redress will have been exhausted. *Barkley* v. *Levee Comm'rs et al.*, 93 *U. S.* (3 *Otto*) 258, 265. Whether the extraordinary remedy, by *mandamus*, exists—whether the sixth section, above alluded to, imposes upon the town committees of the three townships any duty to divide debts, so as to make one of them liable to the plaintiff, which this court can enforce by that prerogative writ, and whether such duty may be enforced before the plaintiff has established his claim against the mother township, are questions which it is not proper now to decide.

The rule to show cause must be discharged.